IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| SANTONIO DEMON MURFF-BEY, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | No. 4:19-CV-649-A |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Santonio Demon Murff-Bey, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as an unauthorized successive petition. No service has issued upon respondent.

### I. Factual and Procedural History

Petitioner continues to serve his life sentence on his 1996 conviction in Tarrant County, Texas, Case No. 0573275A, for capital murder. (Pet. 2.) Petitioner has filed a prior federal habeas petition in this court challenging the same conviction.

(Pet., Murff v. Davis, No. 4:16-CV-346-O, doc. 3.[1])

## II. Issues

In one ground, petitioner raises the following claim for relief (errors or omissions in punctuation are in the original):

> Newly discovered evidence, proving actual innocence, due to denationalization, fraud, and the courts total lack of delegation of authority, oaths of office, bonding of officials, and jurisdiction.

(Pet. 6.)

## III. Successive Petition

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

Petitioner acknowledges that he has filed a prior federal

---

[1] The court takes judicial notice of the state-court records filed in petitioner's prior federal habeas action.

2

habeas petition challenging his 1996 conviction but asserts that the so-called newly discovered evidence was not previously available to him due to his "ignorance of these grounds" and because he "did not have the resources nor freedom to seek out this information or acquire documented proof." (Pet. 8.) However, claims based on alleged newly-discovered evidence or a factual predicate not previously discovered are successive. *Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009). Nor does an actual-innocence claim authorize a district court to ignore or bypass the constraints on successive petitions under § 2244(b)(3)(A).

Therefore, from the face of this petition, it is apparent that this is a successive petition, and petitioner has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, summarily dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that

reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED August 27, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE